**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01869-NYW

DOREL PATRICIO TEQUIDA VALENCIA,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus ("Petition"), [Doc. 1], and Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion"), [Doc. 3], filed by Petitioner Dorel Patricio Tequida Valencia ("Petitioner"). Petitioner is a noncitizen who is currently detained at U.S. Immigration and Customs Enforcement's ("ICE") Denver Contract Detention Facility in this District. [*Id.* at ¶¶ 1, 3]. He seeks, among other things, a Court order directing Respondents to immediately release him from custody or provide a bond hearing under 8 U.S.C. § 1226(a). [*Id.* at 17]. In the Motion, Petitioner requests a temporary restraining order granting similar relief. *See* [Doc. 3 at 29–30].

Upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition and the Motion, and accompanying papers, along

with a copy of this Order, by e-mail and by overnight mail, on or before **May 8, 2025**.

Petitioner shall promptly file proof of such service on the docket, and counsel for

Respondents shall promptly enter their notices of appearance.  Within **seven days of**

**service**, Respondents shall **RESPOND** to the Motion and **SHOW CAUSE** why the

Petition shall not be granted.  *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH,

2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to

a three day deadline, this requirement is "subordinate to the district court's authority to

set deadlines" itself, and granting respondents a fourteen day deadline to respond in order

to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply

shall be filed no later than **seven days** after the Response.

In addition, the All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the

Supreme Court has recognized that its express authority empowers lower courts, in

limited circumstances, to issue temporary injunctions as may be necessary to protect the

status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608

(1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined

by Congress, a federal court may avail itself of all auxiliary writs as aids in the

performance of its duties, when the use of such historic aids is calculated in its sound

judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*,

434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order.  See *Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

DATED:  May 5, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

3