**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01869-NYW

DOREL PATRICIO TEQUIDA VALENCIA,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus ("Petition"), [Doc. 1], and Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion for TRO"), [Doc. 3]. Respondents filed a consolidated response in opposition, [Doc. 11], and Petitioner has replied, [Doc. 12]. For the reasons set forth below, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Dorel Patricio Tequida Valencia ("Petitioner" or "Mr. Tequida Valencia") is a noncitizen who has resided in the United States for approximately 15 years. [Doc. 1 at ¶ 3]. U.S. Immigration and Customs Enforcement ("ICE") took him into custody on April 22, 2026. [*Id.* at ¶ 35]. He is currently detained at an ICE detention facility in this District.

[*Id.* at ¶¶ 1, 9]. He has not received a bond hearing. [*Id.* at ¶¶ 1, 36]. Respondents purport to detain him under 8 U.S.C. § 1225(b)(2)(A). [Doc. 11 at 2–3]. He disputes Respondents' interpretation of § 1225(b) and contends that he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 1 at ¶¶ 24–34]. But because § 1225(b)(2)(A) provides for mandatory detention, he has no opportunity for release on bond while the Government considers him detained under this provision. *See* [*id.* at ¶¶ 32, 36, 39–41].

Mr. Tequida Valencia asserts five claims challenging his detention. First, he argues that his detention without a bond hearing violates the Immigration and Nationality Act ("INA"), specifically § 1226(a) ("Count One"). [*Id.* at ¶¶ 38–41]. Second, he argues that his detention violates the INA's implementing regulations ("Count Two"). [*Id.* at ¶¶ 42–45]. Third, he contends that his detention violates the Administrative Procedure Act ("Count Three"). [*Id.* at ¶¶ 46–49]. Fourth, he argues that his detention without a bond hearing violates his due process rights under the Fifth Amendment ("Count Four"). [*Id.* at ¶¶ 50–55]. Fifth, and relatedly, he asserts that his unlawful detention violates his substantive due process rights ("Count Five"). [*Id.* at ¶¶ 56–59]. Mr. Tequida Valencia seeks, among other things, a writ of habeas corpus ordering that he either be released from custody or granted a bond hearing. [*Id.* at 17].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

2

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

Petitioner's claims primarily turn on whether Respondents may detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing under § 1226(a). The Court summarizes the statutory framework before turning to the Parties' arguments.

**I.    Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the

3

detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1] Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

---

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 11], so the Court does not substantively address detention under this subsection.

## II.    Application to Statutory Claim Under § 1226(a)

The Court's analysis begins with Count One, the statutory claim under § 1226(a). Respondents argue that § 1225(b)(2)(A) applies and requires Petitioner's detention, so he is not entitled to a bond hearing.  *See* [Doc. 11].  This Court, following the clear weight of persuasive authority, has already rejected Respondents' position.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[2]  In *Loa Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who was detained without a bond hearing based on the Government's assertion that § 1225 mandated his detention.  *See id*. at *1.  The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country.  *Id.* at *6.  "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States."  *Id.*  Thus, noncitizens who are merely "present"—and have been for years without obtaining legal status—are not "seeking

---

[2] In addition to this Court's ruling in *Loa Caballero*, nearly all of the other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Petitioner, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025) (Jackson, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148 (D. Colo. 2026) (Martinez, J.).  *But see Singh v. Blanche*, No. 26-cv-01076-DDD-TPO, 2026 WL 1282828 (D. Colo. May 11, 2026) (Domenico, C.J.).

admission" under § 1225(b)(2)(A).  *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)).  Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7.  The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225.  *See id.* at *5–8.  The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases.  *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227 (D. Colo. Jan. 6, 2026); *Garcia Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26, 2026).

Respondents acknowledge the issue presented in this case "is not materially different" than *Loa Cabellero*, *see* [Doc. 11 at 2], and provide no persuasive reason for the Court to depart from the conclusion it reached in that case.  Nor has the Tenth Circuit yet addressed the issue.[3]  And although Respondents preserve their arguments to the contrary, they concede that the Court's ruling in *Loa Caballero* will lead the Court to the same conclusion here.

---

[3] The courts of appeals to consider Respondents' interpretation of § 1225(b)(2)(A) have split.  *Compare Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) (rejecting Respondents' interpretation), *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026) (same), *Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026) (same), *and Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding at preliminary stage that DHS was unlikely to succeed on the merits of its argument), *with Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (affirming Respondents' interpretation), *and Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (same).  Given that the arguments on both sides are now well-worn, the Court need not go further than to note that the Fifth and Eighth Circuits' decisions, although thorough, do not bind or persuade this Court to reconsider its analysis of this issue.  *See Garcia Bautista*, 2026 WL 532427, at *3 n.3.

Accordingly, as in *Loa Caballero* and *Briales-Zuniga*, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of Petitioner.  The "default rule" of discretionary detention under § 1226(a) therefore applies.  *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7.  And because Respondents have failed to provide Petitioner with a bond hearing or any other individualized custody determination, his continued detention violates § 1226(a).  The Petition is **GRANTED** as to Count One.

### III.    Application to Due Process Claims

Petitioner's constitutional claims, Counts Four and Five, spring from his statutory arguments.  He argues that his erroneous detention under § 1225(b)(2)(A) violates his substantive and procedural due process rights.  [Doc. 1 at ¶¶ 50–59].  Respondents do not dispute that noncitizens detained under § 1226(a) are entitled to an individualized custody determination.  *See* [Doc. 11].

Having determined that § 1226(a) governs Petitioner's detention, the Court concludes that his detention without a bond hearing violates due process.  Because Petitioner is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under [§ 1226(a)]."  *Lopez-Campos*, 797 F. Supp. 3d at 785.  And as explained above, that process is an individualized bond determination.  *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination.").  The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights.  *See, e.g.*, *Garcia Cortes*, 2025

WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784–85; *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1158–59 (D. Colo. 2026).  The Court **GRANTS** the Petition as to Counts Four and Five.

## IV.      Appropriate Remedy

In the Petition, Mr. Tequida Valencia requests that this Court order him immediately released.  [Doc. 1 at 17]; *see also* [Doc. 3 at 16–26; Doc. 12 at 5–7].[4]  But § 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez*, 2025 WL 2996643, at *8.  This Court, again following the clear weight of persuasive authority, has held that a bond hearing before an immigration judge vindicates the procedural protections afforded by § 1226(a).  *See, e.g., Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga*, 2026 WL 35227, at *4.  Thus, the Court will order Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited to consider whether Petitioner poses a flight risk and a danger to the community."  *Loa Caballero*, 2025 WL 2977650, at *9.

Mr. Tequida Valencia also asks the Court to impose a suite of additional procedural protections in conjunction with the bond hearing.  [Doc. 1 at 17–18; Doc. 12 at 7–11].  First, he requests that the Government bear the burden of proof at the bond hearing.  [Doc. 12 at 8–10].  Respondents do not address the burden-shifting issue or even indicate that they oppose the request.  *See* [Doc. 11].  Following the weight of authority in this

---

[4] Petitioner contends that a bond hearing before an immigration judge has a "preordained outcome."  [Doc. 12 at 7 (quoting *Singh v. Valdez*, No. 26-cv-01109-WJM, 2026 WL 890240, at *5 (D. Colo. Apr. 1, 2026))].  With due respect to the *Singh* decision, this Court has not observed a trend toward denying bond in cases where it has ordered that a petitioner like Mr. Tequida Valencia receive a constitutionally adequate bond hearing.  And to the extent Mr. Tequida Valencia receives a bond hearing but believes that hearing was in some way inadequate, he may raise that issue to the Court as appropriate.

District, the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *see also, e.g.*, *Garcia Abanil*, 917 F. Supp. 3d at 1159 ("[T]he weight of authority in this District is clear:  it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to shift burden to the Government in a similar case). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases). Accordingly, the Court will order that, at Petitioner's bond hearing, the Government bear the burden of justifying his continued detention by clear and convincing evidence.

Mr. Tequida Valencia next requests that the Court to place further restrictions on the immigration judge, including requiring that he or she impose a clear and convincing standard on the Government when deciding whether to order conditions on release and that he or she account for his ability to pay when setting bond.  [Doc. 3 at 27–28].  As the Court has previously explained, however, the Court is respectfully unpersuaded that due process demands either of these restrictions.  *See Martinez Escobar*, 2026 WL 503313, at *5.  The Court will leave it to the immigration judge to decide these issues.

9

Finally, Mr. Tequida Valencia asserts that the Court should preemptively enjoin various actions the Government might take after his bond hearing.  Those actions include invoking the "automatic stay" regulation, 8 C.F.R. § 1003.19(i)(2); delaying payment or processing of bond; and unilaterally imposing conditions of release beyond those imposed by the immigration judge.  [Doc. 1 at 17–18; Doc. 12 at 11].  The Court respectfully finds that the need for injunctive relief is not "clearly established" at this juncture.  *See De La Cruz, 2026 WL 439217*, at *5 (citing Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964) ("Injunction is a drastic remedy to be exercised with caution, and should be granted only in cases where the necessity therefore is clearly established.")).  To be sure, some of these actions may have been held unlawful when presented squarely to a court.[5]  *See, e.g., Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1256–58 (D. Colo. 2026) (ordering ICE to release petitioner from ankle monitor and other conditions of release that were not imposed by immigration judge).  But whether Respondents will take those actions in this case is purely speculative.  To the extent Respondents take further actions that Petitioner believes are unlawful and within this Court's jurisdiction to correct, he may move the Court for further proceedings as appropriate.

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **May 29, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is

---

[5] The Court notes that it recently held that application of the automatic stay provision after an immigration judge granted bond violated a detainee's due process rights.  *See Silva Nelo v. Baltazar*, No. 26-cv-01290-NYW, No. 26-cv-01290-NYW, 2026 WL 1291860, at *3–4 (D. Colo. May 11, 2026).

justified.  **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.**  On or before **June 5, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.[6]

Because the Court grants Petitioner the appropriate relief through his INA and constitutional claims, the Court need not reach Counts Two and Three, the regulatory and APA claims.  *See, e.g.*, *Briales-Zuniga*, 2026 WL 35227, at *4 (declining to reach constitutional or regulatory claims after granting requested relief on § 1226(a) claim).  And because the Motion for TRO seeks substantially the same relief as what the Court has already granted, *see* [Doc. 3 at 8], the Motion for TRO is respectfully **DENIED as moot**, *see Loa Caballero*, 2025 WL 2977650, at *9 (denying motion for temporary restraining order as moot after granting petitioner "identical" relief on the merits).

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part** as to Counts One, Four, and Five;

(2)    Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. 3] is **DENIED as moot**;

(3)    Respondents shall provide Petitioner a bond hearing no later than **May 29,**

---

[6] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. [Doc. 1 at 18].  However, this District's Local Rules require that those requests be made by separate motion.  *See* D.C.Colo.LCivR 54.3.

**2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(4)    On or before **June 5, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  May 22, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

12