**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01869-NYW

DOREL PATRICIO TEQUIDA VALENCIA,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
NATHAN RAPSER, in his official capacity,[1]
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

## ORDER GRANTING MOTION FOR EAJA FEES

---

This matter is before the Court on the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion" or "Motion for EAJA Fees") filed by Petitioner Dorel Patricio Tequida Valencia ("Petitioner" or "Mr. Tequida Valencia") [Doc. 17, filed August 29, 2026]. Respondents did not file a response, and the time to do so has elapsed. D.C.COLO.LCivR 7.1(d). For the reasons herein, the Motion for EAJA Fees is respectfully **GRANTED**.

## BACKGROUND

On April 30, 2026, Mr. Tequida Valencia filed a Verified Petition for Writ of Habeas Corpus ("Petition") against Respondents Juan Baltazar, George Valdez, Markwayne

[1] Pursuant to Rule 25(d), Mr. Rasper is automatically substituted into this case as a respondent. Fed. R. Civ. P. 25(d).

Mullin, Todd Lyons, and Todd Blanche, all sued in their official capacities ("Respondents"). [Doc. 1]. Petitioner is a noncitizen who has resided in the United States for approximately 15 years. [Doc. 1 at ¶¶ 3, 35]. Immigration and Customs Enforcement ("ICE") took him into custody on April 22, 2026, and as of the filing of the Petition, he had not received a bond hearing. [*Id.* at ¶¶ 35–36]. Respondents argued that "all applicants for admission"—who include noncitizens, like Petitioner, who are present in the United States and have not been admitted—are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)," and so Petitioner was not entitled to a bond hearing. [Doc. 11 at 3 (cleaned up)].

This Court granted the Petition on May 22, 2026, finding that Mr. Tequida Valencia was properly considered held pursuant to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A). [Doc. 13]. The Court ordered Respondents to provide Mr. Tequida Valencia a bond hearing by May 29, 2026, and required the Government to bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention was justified. [*Id*. at 10–11]. The Court further ordered that if Mr. Tequida Valencia was not provided such a bond hearing by May 29, 2026, Respondents must immediately release him from detention. [*Id.* at 12]. Finally, the Court ordered the Parties to file a Joint Status Report no later than June 5, 2026 to report on (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required. [*Id.*].

On June 5, 2026, the Parties submitted a Joint Status Report indicating that Mr. Tequida Valencia was granted bond in the amount of $25,000 by an immigration judge

on May 29, 2026, and that after paying that required amount, Petitioner was released from custody on June 2, 2026. [Doc. 14 at 1]. Final judgment entered on June 11, 2026. [Doc. 16].

This instant Motion for EAJA Fees followed. [Doc. 17]. Respondents did not respond and the time to do so has elapsed. D.C.COLO.LCivR 7.1(d). This Motion is ripe for adjudication.

**LEGAL STANDARD**

Except as otherwise specifically provided by statute, the Equal Access to Justice Act ("EAJA") authorizes the Court to award attorney's fees and expenses in civil actions brought by or against the United States or any agency or any official of the United States to a prevailing party (other than the United States), unless the Court "finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Tenth Circuit has expressly held that habeas actions challenging immigration detention constitute "civil actions" under the EAJA. *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025). "Under the EAJA a party can recover attorney's fees against the United States if (1) he was the prevailing party, (2) the government's position in the case was not substantially justified, (3) the party is eligible to receive an award; and (4) the amount sought is reasonable." *Alarcon v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 2085614, at *2 (D. Colo. July 17, 2026).

Respondents bear the burden of showing that their legal positions were substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id*. This Court considers the totality of the circumstances because, "the EAJA—like other fee-

shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r, Immigr. and Naturalization Serv. v. Jean*, 496 U.S. 154, 161–62 (1990). Additionally, the government's prelitigation actions and litigation position "are both relevant to the inquiry and both must be reasonable in fact and law." *Al-Maleki v. Holder*, 558 F.3d 1200, 1207 (10th Cir. 2009).

**ANALYSIS**

In *Daley v. Ceja*, 158 F.4th 1152 (10th Cir. 2025), the Tenth Circuit determined that immigration habeas cases fall within the definition of "civil action" under the EAJA. While this issue is now before the Supreme Court, *Montoya v. Liggins*, No. 25-1223 (U.S. June 29, 2026) (granting certiorari), this Court remains bound by the published Tenth Circuit decisions like *Daley* unless they have been overruled by the Tenth Circuit sitting *en banc* or superseded by a contrary Supreme Court decision. *Haynes v. Williams,* 88 F.3d 898, 900 n.4 (10th Cir. 1996).

Respondents did not contest Petitioner's arguments, including those relating to prevailing party status, substantial justification, or the reasonableness of the fee amount claimed (including the reasonable hourly rate or the number of hours claimed). Accordingly, this Court deems any challenges to these issues waived. *See Adamscheck v. Am. Fam. Mut. Ins. Co.*, 818 F.3d 576, 588 (10th Cir. 2016) (a party's failure to respond to an argument renders the issue waived). The Court further notes that Respondents bear the burden of showing that their legal positions were substantially justified, and by failing to even address the issue, they have failed to carry their burden.[2] Upon review of

[2] On June 30, 2026, the Tenth Circuit determined that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, 180 F. 4th 1226, 1239 (10th Cir. 2026). "[N]oncitizens

the record including but not limited to [Doc.17-1; Doc. 17-4; Doc. 17-5; Doc. 17-6], this Court has also satisfied itself that Mr. Tequida Valencia is the prevailing party; the $276 hourly rate requested by the attorneys is the EAJA rate adjusted to the cost of living; and the number of hours claimed by each attorney is reasonable, amounting to $4,084 for litigation of the substantive Petition and $1,490 for the litigation of the instant Motion. *See* [Doc. 17].

## CONCLUSION

(1) Petitioner's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [Doc. 17] is **GRANTED**; and

(2) Petitioner is **AWARDED $5,574.00** in attorney's fees pursuant to the Equal Access to Justice Act.

DATED: November 16, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

---

who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237.